UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY AUSTINE UKOFIA,                Civil No. 08-6224 (PJS/JJG)

           Petitioner,

v.                                      **REPORT AND RECOMMENDATION**

MICHAEL MUKASEY,
Attorney General,

           Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be transferred to the Eighth Circuit Court of Appeals.

**I.     BACKGROUND**

Petitioner is a resident alien who is currently being detained at the Sherburne County Jail in Elk River, Minnesota. A removal order has been entered against Petitioner, and he apparently is being detained by federal immigration authorities pending the completion of his deportation.

Petitioner's current habeas corpus petition challenges the validity of his removal order. He tried to file his petition in the Eighth Circuit Court of Appeals, but the Court of Appeals sent his petition to the Clerk of the District Court, and

suggested that the petition should be filed here. See 28 U.S.C. § 2241(b) ("any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it"). Although Petitioner's habeas corpus petition may have been properly routed to the District Court, the claims presented in the petition cannot be addressed on the merits here.

## II.   DISCUSSION

Since the enactment of REAL ID Act in 2005, "district courts no longer have habeas jurisdiction to review final orders of [removal]." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007). "Pursuant to § 106 of the REAL ID Act, [8 U.S.C. § 1252(a)(5)], a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." Id. (emphasis added). The exclusive remedy rule of the REAL ID Act is clearly applicable here, because Petitioner is challenging the validity of his removal order.

Our Court of Appeals has held that when an alien improperly attempts to challenge a removal order by filing a federal habeas corpus petition in district court, the case should be transferred to the Court of Appeals. In fact, the Court of Appeals explicitly decreed in Tostado that "any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals." Id. (emphasis added). This directive must, of course, be followed

here.[1]

The Court will therefore recommend that Petitioner's current habeas corpus petition be construed to be a petition for review of his removal order, and that this case be immediately transferred to the Eighth Circuit Court of Appeals, pursuant to the REAL ID Act and Tostado.[2]

Finally, the Court notes that Petitioner did not tender any filing fee with his habeas corpus petition, but he instead filed an application for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  Based on the information furnished in the IFP application, the Court finds that Petitioner is eligible for IFP status.  Therefore, to ensure that this action is not dismissed for non-payment of the filing fee, the Court will recommend that Petitioner's IFP application be granted.

---

[1] Petitioner filed a previous habeas corpus action in this District, which also challenged his removal order.  Ukofia v. Department of Homeland Security, Civil No. 08-6224 (PJS/JJG).  In that case too, the Court found that Petitioner could not challenge his removal order by means of a habeas corpus petition filed in the District Court.  However, Petitioner's prior case was not transferred to the Court of Appeals, because he had not yet exhausted his administrative appeals.  Petitioner's current submissions suggest that he has now exhausted his administrative appeals, so it appears that his current claims might now be entertained by the Court of Appeals.

[2] Petitioner may feel that he is being marched around in circles by the federal judiciary, because he tried to start this proceeding in the Circuit Court, and it was then sent to the District Court, and it is now being sent back to the Circuit Court.  However, that circuitous path is solely attributable to Petitioner's own mistaken choice of remedies.  If Petitioner had submitted his pleading to the Court of Appeals as a "Petition for Review," rather than a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, the Court of Appeals presumably would have filed Petitioner's submission, and entertained it directly, rather than sending it to the District Court.

**III.     RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's Application to Proceed In Forma Pauperis, (Docket No. 2), be GRANTED; and

2.  This action be transferred to the Eighth Circuit Court of Appeals.


Dated: December 5, 2008              s/ *Jeanne J. Graham*
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 19, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.